UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERI R. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-00809-GJQ-PJG |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

## **REPORT AND RECOMMENDATION**

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for Disability Insurance Benefits (DIB). On January 3, 2013, this Court entered an order granting the parties stipulation (ECF No. 13) and entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 14).

Plaintiff retained Binder & Binder, the National Social Security Disability Advocates®, LLC to represent her during administrative proceedings. The Law Offices of Harry J. Binder and Charles E. Binder, PC, represented plaintiff in the proceedings before this Court. The Social Security Administration found that plaintiff was not disabled within the meaning of the Social Security Act at any time

from October 17, 2008, through November 1, 2011, but was disabled within the meaning of the Social Security Act effective November 1, 2011 and entitled to an award of past-due benefits. (ECF No. 23-2, PageID.701; ECF No. 26-2, PageID.746).

The matter is now before this Court on plaintiff's motions for attorney's fees under 42 U.S.C. § 406(b), payable from the award of past-due benefits. (ECF Nos. 23 and 26). On January 11, 2017, plaintiff filed the first motion for attorney's fees. (ECF No. 23). On January 19, 2017, plaintiff resubmitted the motion for attorney's fees and included proper supplemental information. (ECF No. 26). Defendant has filed a timely response in support of plaintiff's motion and does not oppose the amount of the requested fee award as being unreasonable. (ECF No. 30). I recommend that plaintiff's motions be granted and that Attorney Binder be awarded $7,903.25, payable from the plaintiff's award of past-due benefits as provided by statute.

## Proposed Findings of Fact

Plaintiff received a Notice of Award indicating that she is owed past-due benefits. She received payment of $20,192.75 in past-due benefits. The total amount of past-due benefits received was reduced by $13,150.50 to recover an overpayment on her record. The Social Security Administration withheld a total of $10,881.75 to cover potential awards of attorney's fees. (ECF No. 26-2, PageID.748); ECF No. 26-3, PageID.755, 758).

Plaintiff's attorneys, Attorney Charles E. Binder and Attorney Daniel S. Jones, spent a total of 21.50 hours representing plaintiff in this lawsuit. (ECF No. 26-2, PageID.746-47; ECF No. 26-3, PageID.753). Attorney Binder spent a total of

2.60 hours representing plaintiff in this lawsuit, and Attorney Daniel Jones spent a total of 18.90 hours representing plaintiff in this lawsuit. (*Id.*). Attorney Binder has already been paid $4,112.50 in attorney's fees pursuant to an award by this Court under the Equal Access to Justice Act. (ECF No. 22). *See also* (ECF No. 26-2, PageID.745). He is now seeking an additional $7,903.25, payable from plaintiff's award of past-due benefits for representation in federal court (ECF No. 26-2, PageID.748-49; ECF No. 27, PageID.783-84). Plaintiff also represents that Binder & Binder, the National Social Security Disability Advocates®, LLC will seek approval of a fee in the amount of $2,978.50 under 42 U.S.C. § 406(a). (ECF No. 26-2, PageID.749).

## **Discussion**

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach tribunal may award fees only for the work done before it." *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*). This court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits. "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. Section 406(b) "does not authorize the

prevailing party to recover fees from the losing party.  Section 406(b) is of another genre:  It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802.  Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits.  Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . .  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. at 808 (citations omitted).

Attorney Binder asks for an award of $7,903.25 from the funds being withheld. (ECF No. 26-2, PageID.748-49; ECF No. 27, PageID.783-84). He has received the $4,112.50 EAJA award through his client and is not seeking a double recovery. (*Id.*). The attorney's request, in combination with the request for attorney's fees under 42 U.S.C. § 406(a), does not exceed statutory limits. An award of the amount sought would not result in a windfall and would fairly compensate the attorney for the work he performed in this matter.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motions for attorney fees (ECF Nos. 23 and 26) be **GRANTED** and that the court approve payment from plaintiff's award of past-due benefits to Attorney Charles E. Binder in the amount of $7,903.25.


Dated: August 2, 2017                             /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. §636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).